USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/1/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

DANIEL BARANI,

        Plaintiff,

   -v-

FEDERAL BUREAU OF INVESTIGATION,

        Defendant.

------------------------------------------------------------------X

15 Civ. 3109 (PAE)

ORDER

PAUL A. ENGELMAYER, United States District Judge:

On April 21, 2015, plaintiff Daniel Barani filed this action *pro se*, alleging that defendant Federal Bureau of Investigation ("FBI") had drugged him and is conducting mind-control experiments on him through a microchip implanted in his arm and through cable television and other electronic media. Dkt. 1 ("Compl."). On May 4, 2015, the Court dismissed the Complaint. Dkt. 4.

Barani now seeks reconsideration of the May 4, 2015 dismissal. The Court liberally construes this application as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and for reconsideration under Local Civil Rule 6.3, and, in the alternative, as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. After reviewing the arguments in Barani's application, the Court denies the motion.

**A. Discussion**

"[T]he standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling decisions or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and

Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258–59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation & citations omitted).

In his motion for reconsideration, Barani reiterates the claims that he brought in his Complaint. He again contends that the FBI implanted a microchip in his arm for the purpose of monitoring and torturing him, and he attaches medical and mental-health records that, ostensibly, support this claim. Barani argues that when the implanted chip "heat[s] up it starts sending signals to [his] brain." Dkt. 5, at 4. He further alleges that he is being "[o]bserved through cable and online" and that he has been "summoned unwillingly to participate in [a] secret mind controlling experiment LSD MK ULTRA." *Id.* at 5. He states that information about the microchip "mysteriously disappeared or [has] been erased" from his records. *Id.*

Barani fails to demonstrate in his motion for reconsideration that the Court overlooked any controlling decisions or factual matters in dismissing this action. And the records he has submitted, which the Court has reviewed carefully, do not substantiate his highly improbable factual claims. *See Nietzke v. Williams*, 490 U.S. 319, 327–328 (1989) (permitting dismissal of claims "whose factual contentions are clearly baseless," including "claims describing fantastic or delusional scenarios"). Barani's motion for reconsideration thus does not alter the Court's

conclusion that the Complaint was properly dismissed *sua sponte* under § 1915(e)(2)(B)(i). Barani's motion for reconsideration under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is, therefore, denied.

As to Barani's motion under Rule 60(b), under that rule, a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has carefully considered Barani's arguments, but even under a liberal interpretation of his motion, Barani has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply. Nor is there a basis for granting relief based on the sixth clause of Rule 60(b). "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)–(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Fed. R. Civ. P. 60(b)(6) must show, *inter alia*, that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Here, Barani failed to make such a showing. *See Ackermann v. United States*, 340 U.S. 193, 199–202 (1950).

## CONCLUSION

Accordingly, Barani's motion for reconsideration is denied.

3

The Clerk of Court is directed to mail a copy of this order to Barani and note service on the docket.

No further documents will be accepted in this action other than those directed to the Court of Appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: June 1, 2015
New York, New York